UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YOLANDA PEREZ,**

    Plaintiff,

v().  Case No. 8:12-cv-546-T-30TGW

**CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS SERVICES, LLC and DAVID STANFORD,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant David Stanford's Motion to Dismiss (Dkt. 20) and Plaintiff's Response in opposition (Dkt. 21). The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be granted.

## BACKGROUND

Plaintiff, a former employee of Defendant Cellco Partnership d/b/a Verizon Wireless Services, LLC ("Verizon") brings this action against Verizon and David Stanford, individually, under the Family Medical Leave Act ("FMLA"). Plaintiff alleges that she was subjected to disparate treatment and terminated for exercising her rights under the FMLA. With respect to Stanford, Plaintiff alleges that he was the Assistant Director of Financial Services for Verizon, an e-mail was sent to him on January 18, 2012, stating that Plaintiff

was approved for FMLA leave, and he terminated Plaintiff on January 19, 2012, for performance reasons.

Stanford moves to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). Stanford contends that the amended complaint's allegations are insufficient to establish his individual liability as an "employer" under the FMLA. The Court agrees.

## MOTION TO DISMISS STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

Stanford argues that the allegations of the amended complaint related to him are insufficient to state a claim of individual liability under the FMLA. Under the FMLA, the term "employer" includes "any person who acts, directly or indirectly, in the interest of the employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). The

relevant FMLA regulation provides that this definition applies to "individuals such as corporate officers acting in the interest of an employer." 29 C.F.R. § 825.104(d) (same standard as "employer" under the Fair Labor Standards Act, 29 U.S.C. § 203(d)).

Here, Plaintiff asserts conclusory allegations with respect to Stanford and fails to establish that he is an "employer" as that term is defined under the FMLA. For example, Plaintiff alleges that Stanford "was the Assistant Director of Financial Services," but there are no other factual allegations relating to the duties and responsibilities of his position. In addition, Plaintiff asserts that an e-mail was sent to Stanford "stating Plaintiff was approved for FMLA," and that Stanford terminated Plaintiff the next day for performance reasons, but there are no allegations describing Stanford's role with respect to Plaintiff's FMLA request or prior FMLA requests, or how the e-mail related to Plaintiff's termination (if at all). Taking these allegations as true, they fail to establish Stanford's individual liability under the FMLA because they do not establish that Stanford exercised sufficient control to warrant liability under the FMLA.

In sum, Plaintiff's conclusory allegations that Stanford violated the FMLA and is individually liable under the FMLA are insufficient to state a plausible claim of individual liability against Stanford. Accordingly, Plaintiff's amended complaint is dismissed with respect to Stanford without prejudice to amend to include sufficient factual allegations.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant David Stanford's Motion to Dismiss (Dkt. 20) is GRANTED.

2.      Plaintiff may amend her complaint to include sufficient allegations with respect to Stanford's individual liability within fourteen (14) days of this Order. If Plaintiff cannot amend her complaint at this time, Plaintiff may move the Court to amend her complaint at a later date if discovery reflects additional facts with respect to Stanford's liability.

**DONE** and **ORDERED** in Tampa, Florida on June 27, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-546.mtdismiss20.frm