**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**YOLANDA PEREZ,**

    **Plaintiff,**

v.                                                        Case No. 8:12-cv-546-T-30TGW

**CELLCO PARTNERSHIP d/b/a**
**VERIZON WIRELESS SERVICES, LLC,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Proposed Bill of Costs (Dkt. 51), Memorandum in Support of the Bill of Costs (Dkt. 52), Declaration of Gregory A. Hearing re: Bill of Costs (Dkt. 53), and Plaintiff's Response in Opposition (Dkt. 58). The Court, having reviewed the filings and being otherwise advised in the premises, grants Defendant's Proposed Bill of Costs.

### STANDARD FOR AWARDING COSTS

Under Federal Rule of Civil Procedure 54(d)(1), costs "should be allowed to the prevailing party" unless "a federal statute, [the rules of Federal Civil Procedure], or a court order provides otherwise." Defendant prevailed in this case because the Court granted its motion for summary judgment and entered a final judgment in its favor on September 11, 2013 (Dkt. 50). Accordingly, Defendant is entitled to recover the costs enumerated under 28 U.S.C. § 1920.

Under section 1920, a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of title 28; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28. *See generally, Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). Absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in section 1920. *See Crawford Fitting Co.*, 482 U.S. at 445.

A district court needs a "sound basis" to overcome the strong presumption that a prevailing party is entitled to costs. *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007). As part of that "sound basis," a district court may, but need not, consider a non-prevailing party's financial status as a factor in awarding costs pursuant to Rule 54(d). *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000). However, the Eleventh Circuit has required that any reduction in costs based on financial indigency must be supported by "substantial documentation of a true inability to pay." *Id.; see McGill v.*

*Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (finding non-prevailing party offered no documentary support to warrant financial status reduction in costs because he relied upon only "unsupported, self-serving statements"). Moreover, "[e]ven in the rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Chapman*, 229 F.3d at 1039.

## DISCUSSION

Defendant requests costs in the amount of $2,078.60 for deposition transcripts. Because Defendant relied upon the depositions in its motion for summary judgment, which the Court granted, the Court concludes they were necessarily obtained for use in the case and are recoverable under section 1920. *See Watson v. Lake Cnty.*, 492 Fed. App'x 991, 996-97 (11th Cir. 2012) ("[E]ven where a deposition is not ultimately used [at trial or in a summary judgment motion] as part of the prevailing party's case, we have held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken.").

Defendant also requests costs in the amount of $1,134.59 for copies that were necessarily obtained for use in the case. Defendant specifies that the copies were of documents used in discovery, filed with the Court, tendered to opposing counsel, and/or prepared for the Court's consideration. The Court agrees that these costs are recoverable. Review of the invoices reflects that the majority of the copy costs related to obtaining copies of Plaintiff's medical records from third parties that were relevant to Plaintiff's claims under

the Family Medical Leave Act. In other words, these costs were not obtained only for the convenience of counsel. Plaintiff's arguments to the contrary are unpersuasive.

Finally, although the Court is sympathetic of Plaintiff's alleged financial plight, Plaintiff does not provide any evidence, other than her self-serving affidavit, to establish her inability to pay the cost award. The Eleventh Circuit is quite clear about the level of proof: "substantial documentation of a true inability to pay." *Chapman*, 229 F.3d at 1039. Plaintiff has not met this burden. Accordingly, the Court cannot reduce the award of costs based on Plaintiff's financial status because she has failed to produce substantial documentation of her financial indigency.

In sum, the Court awards Defendant costs in the amount of $3,213.19.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Proposed Bill of Costs (Dkt. 51) is granted.

2. The Clerk of Court is directed to enter a **Bill of Costs** in the amount of **$3,213.19** in Defendant's favor and against Plaintiff for taxable costs.

3. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on October 17, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-546.billofcosts.frm